41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Terrance DUNN, Defendant-Appellant.
 No. 93-5788.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1994.
Decided: Nov. 21, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CR-92-55)
 David L. Heilberg, Charlottesville, VA, for appellant. Robert P. Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Dunn appeals from his conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). He argues that the district court erred in permitting expert opinion testimony on the "intent to distribute" element of the Sec. 841 offense, as prohibited by Fed.R.Evid. 704(b).[1] Dunn also contends that the court erroneously failed to require the Government to perform a forensic handwriting analysis in order to corroborate the testimony of one of its witnesses. Finding no error, we affirm.
 
 
 2
 Dunn's first argument focuses on the testimony of Detective J.E. Harding of the Charlottesville, Virginia, Police Department, qualified without objection as an expert concerning the drug trade. We review the admission of expert opinion testimony for an abuse of discretion. United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir.), cert. denied, 63 U.S.L.W. 3259 (U.S.1994).
 
 
 3
 Contrary to Dunn's characterization, Harding did not opine as to an "intent to distribute." Instead, Harding described the sources for Charlottesville's crack supply (including Washington, D.C.), the factors motivating the transport of crack from Washington to Charlottesville, the characteristics of an open-air crack market (including typical quantities sold and prices charged), and the standard preparation and packaging of crack. There was no opinion testimony by Harding linking his drug trade expertise to Dunn's activities or the essential elements of the alleged offense.[2] "Rule 704(b) is not strictly construed and prohibits only a direct statement of the defendant's intent."[3] United States v. Speer, 30 F.3d 605, 30 F.3d 605,610 (5th Cir.1994); see also Gastiaburo, 16 F.3d at 588 ("Most appellate panels have refused to find error in the admission of expert testimony on intent to distribute controlled substances."). We find the district court did not abuse its discretion in permitting Harding's testimony.
 
 
 4
 Dunn's second objection focuses on the court's failure to compel the Government to corroborate the testimony of witness Artemus Winslow with a forensic handwriting analysis, comparing Dunn's known signature on the "advice of rights" form to hotel registration slips which, according to Winslow, Dunn had signed as "Niko Brown" during their distribution excursions from Washington to Charlottesville. We review this argument for plain error, due to Dunn's failure to present it at trial. Fed.R.Crim.P. 52(b). Plain error requires "not only the existence of an 'error' (i.e., a '[d]eviation from a legal rule' that the defendant has not waived), but also that the error be 'plain' (i.e., 'clear' or, equivalently, 'obvious' under the current applicable law)." Gastiaburo, 16 F.3d at 587 (quoting United States v. Olano, 113 S.Ct. 1770, 1777 (1993)).
 
 
 5
 This claim is also without merit. The Government obtained the hotel registration slips the day before the trial began, after learning of their existence from Winslow that same day, and provided the slips to defense counsel before trial. Upon receipt thereof, defense counsel had several options, including a request for a continuance to permit forensic handwriting analysis or an objection to the admission of the slips into evidence. Instead, defense counsel used the Government's failure to corroborate Winslow's testimony with a forensic handwriting analysis and the purportedly obvious differences between the signatures in his closing arguments as grounds for attacking Winslow's credibility. That tactical decision cannot be used now as a basis for invalidating the ultimately unsuccessful result thereby achieved. We know of no legal rule, and Dunn has failed to provide such, requiring corroboration of every aspect of a witness' testimony that would render the district court's failure to require forensic handwriting analysis in this case an "error" that is "plain." Hence, we reject Dunn's claim that the absence of such analysis is plain error.
 
 
 6
 For the reasons stated herein, we affirm Dunn's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 In pertinent part, Rule 704(b) states:
 [n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto.
 
 
 [2]
 Although not contemplated below, we note that the quantity of crack involved in this case, just over nineteen grams, (J.A. at 59-60), alone would have supported an inference of an intent to distribute because such a quantity is inconsistent with what would normally be consumed for personal use. See United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992) (possession of thirteen plus grams of crack sufficiently large to support inference of intent to distribute)
 
 
 [3]
 Rule 704(b) refers specifically to expert witnesses "testifying with respect to the mental state or condition of a defendant in a criminal case." At least one federal circuit court has cited that linguistic limitation as the basis for confining Rule 704(b)'s prohibition to "testimony based on a 'psychiatric' or similar 'medical' analysis of the defendant's mental processes." United States v. Lipscomb, 14 F.3d 1236, 1242 (7th Cir.1994); see also United States v. Richard, 969 F.2d 849, 855 n. 6 (10th Cir.) ("The legislative history [of Rule 704(b) ] suggests that Congress only intended to limit 'the scope of expert testimony by psychiatrists and other mental health experts.' ") (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 230 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3412), cert. denied, 61 U.S.L.W. 3262 (U.S.1992), 61 U.S.L.W. 3479 (U.S.1993). Given our finding that Harding's testimony specifically avoided an opinion as to Dunn's intent, we need not address the evidentiary boundaries contemplated by Rule 704(b)